UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| MELVINA SPAIN DOILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| HEALTH CARE PARTNERS OF ) | |
| SOUTH CAROLINA, INC. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW, the Plaintiff, MELVINA SPAIN DOILEY, by and through undersigned counsel, who alleges and says unto this Honorable Court the following:

## INTRODUCTION

1. This is an action seeking declaratory judgment, equitable relief, compensatory and punitive damages, costs, and attorney's fees for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, § 701 et. seq., 42 U.S.C. § 2000e et seq.; along with 1991 Civil Rights Act, as amended    ("Title VII" ).

2. This Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

3. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous business activity in

1

this district; is subject to personal jurisdiction in this district; and, because all of the acts underlying this lawsuit occurred in this district.

4. Compensatory and punitive damages are both sought pursuant to the 1991 Civil Rights Act, et seq. as amended, as well as the 1964 Civil Rights Act, Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq. and Section 703(a) et seq. of the said Act.

5. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law.

6. Plaintiff, Melvina Spain Doiley, is an African American Female and a citizen of the United States and a resident of Florence County, South Carolina.

7. Plaintiff is informed that Defendant, Health Care Partners of South Carolina, Incorporated is a federally qualified health center, a community based healthcare organization providing primary care services to underserved populations in Horry, Marion and Florence counties. The non profit organization is governed by a leadership team and a Board of Directors.

8. Defendant Health Care Partners of South Carolina is a non profit corporation incorporated in South Carolina and doing business in South Carolina.

9. Plaintiff was hired with Defendant in May 2017. Plaintiff is currently employed as a Senior Accountant with Defendant at 1708 Oak Street Conway, South Carolina.

10. Defendant is an employer for Plaintiff within the meaning of 42 U.S.C. §2000e-(b); 42 U.S.C. §12111(2)and (5)

11. The Plaintiff has exhausted all administrative remedies in that Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated June 3, 2025, regarding EEOC Charge 436-2024-0647, as amended.

12. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court and brings this action within ninety (90) days of the receipt of the EEOC Right to Sue Notice.

## STATEMENT OF FACTS

13. Plaintiff was hired with Defendant, Health Care Partners of South Carolina ("HCPSC") in May 2017. Plaintiff is currently employed as a Senior Accountant with Defendant at 1708 Oak Street Conway, South Carolina.

14. Plaintiff is performing satisfactorily, as Defendant has not issued Plaintiff any significant discipline and has never given Plaintiff any negative job performance reviews in the time that she has been employed from 2017 - the present.

15. In addition to performing work duties as Senior Accountant, Plaintiff is also performing managerial duties; however, Defendant has refused to promote Plaintiff as a member of management and has refused to compensate Plaintiff for performing the extra management duties.

16. Since 2021, Plaintiff has been performing Director/Manager of Finance job duties because the Director of Finance left in 2021.

17. Over the course of her employment, even presently, new hires are directed to report to Plaintiff as subordinates within the department and are trained by Plaintiff at the time of hire.

18. Plaintiff, as Senior Accountant has first hand knowledge of Defendant's payroll and is aware of compensation of other employees of different races who are compensated for the extra duties they perform.

19. While Plaintiff had to apply and interview for the promotion to Senior Accountant, Plaintiff is aware of a caucasian co workers who were promoted without proper qualifications as posted and other employees did not have to apply or interview for promoted positions.

20. Plaintiff submitted a request to work from in November 2023, and Defendant provided Plaintiff with a questionnaire, demanding Plaintiff elaborate on her need to work from home. Plaintiff is aware of a caucasian female employee who did not have to complete a questionnaire in response to her request to work from home which was granted. Plaintiff is also aware of two caucasian male employees who were accommodated with work from home schedules without the requirement of a questionnaire.

21. In December 2023, Plaintiff inquired about being promoted to the position of manager and Defendant informed Plaintiff that she did not meet the qualifications, although Plaintiff had been fulfilling managerial job duties for 2 years.

4

22. After stating Plaintiff was not qualified, Defendant then changed Plaintiff's job description to include "Managerial Position" as part of her job description but refused to promote Plaintiff to the Director/Manager position or increase her pay.

23. Plaintiff filed a charge of discrimination in January 2024, and since filing, Defendant has subjected Plaintiff to a hostile work environment, failing to promote, increasing work duties, delaying evaluations and raises, and subjected Plaintiff to heightened scrutiny.

24. In meetings since filing her discrimination complaint, the CEO makes references to employees needing to be "in the boat" or "out the boat" and if employees do not want to work at HCPSC, they need to be out the boat. In addition, the CEO has stated in reference to Plaintiff, "Who would file a claim and still be at a job you didn't like".

25. In another act of discrimination, Defendant decreased the Christmas bonus of Plaintiff when other employees similarly situated received the same bonus amount they had received in the past. Defendant offered no discipline or justification for the bonus reduction of Plaintiff only.

26. Plaintiff has not received an increase in pay since 2022 and when she inquired about her 2024 evaluation, she was informed a new performance process was being created and Plaintiff was already over her maximum salary range.

27. Defendant HCPSC engages in a pattern and practice of discrimination as it treats caucasian employees more favorably and creates positions and fills them with Caucasian candidates without consideration of minority candidates.

    a.    In November 27, 2023, Defendant created a position of Director of Clinical Operations in order to place a Caucasian employee without a degree in a favorable position.

    b.    A caucasian co worker was granted a pay increase without an evaluation as she never had an evaluation in the 5 - 6 years she worked for Defendant.

    c.    The position of Controller was created in favor of a caucasian employee who was only performing the job duties of an Accountant II/ Staff Accountant and receiving unjustified compensation as Controller.

    d.    The Director of Data Analysis, Director of Clinical Operations, Director of Nursing, Administrative Assistant to the COO and Credentialing positions were all created or filled in favor of a Caucasian employees without posting or equitable selection process.

    e.    Former COO for Defendant, Erich Koch, prepared an affidavit stating that he observed departments staffed predominately with caucasian employees were granted flexibility to work four 10 hour shifts; but IT and Accounting mostly staffed with minorities were not granted that flexibility

28.    Defendant hired a Chief Revenue Officer who had the opportunity to observe the finance department and questioned why Plaintiff was not promoted in favor of a Caucasian employee who was hired.

29.    Conversely, Defendant has also subjected African American employees to unequal treatment in ways such as refusing to allow an African American

employee to return to work under light duty, but allowing a caucasian employee in the same position to return to work under light duty.

30. Defendant made a post on social media that HCPSC was hiring a Chief Operating Officer, a Billing Supervisor, and an Electronic Medical Records Specialist all in the same social media post.

31. When Plaintiff inquired about the position in January 2024, , as it was not on the company website, but social media in December 2023, Defendant HR representative informed Plaintiff the COO position was filled.

32. In addition to disparate treatment, Defendant CEO is alleged to have engaged in discriminatory conduct in ways not limited to:

   a. In response to a request for Juneteenth off, she noted there was already MLK day.

   b. Former COO for Defendant, Erich Koch, prepared an affidavit stating that he witnessed the CEO's alleged response to an employee's request for more diversity on the executive team, which was the organization was going down because the place was run by blacks.

33. In order to justify discriminatory actions in 2023, Defendant revised its handbook in 2024 and provided business reasons for its discrimination post revision.

34. Plaintiff was supervised, managed, and evaluated in ways unequal to Caucasian employees, as these employees are allowed flexibility in work scheduling, raises without evaluations, consideration for promotions without posting or application,

the benefit of created positions and freedom from heightened scrutiny related to work performance or request for accommodations.

35. Defendant treated Plaintiff differently on the basis of race and in retaliation of her protected activity of filing a discrimination complaint, all within the terms, privileges, and conditions of employment.

36. Defendant cannot articulate and provide proof of a legitimate business reason for the unequal treatment of Plaintiff and other African American employees with respect to terms and conditions of employment, to include promotion, position creation, compensation, evaluation, raises and leave or accommodation requests.

37. Defendant failed to apply policies and procedures in a fair non discriminatory or non retaliatory manner.

38. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner or created and revised for the purpose of justifying discriminatory conduct, all in a manner which had a disparate impact on Plaintiff and other African American employees of Defendant which exhibit a pattern and practice of discrimination.

39. As a result of the acts of discrimination and retaliation within Defendant's employment practices and work environment, Plaintiff had suffered loss of employment advancement and increased compensation, loss of equal pay, compensatory damage, emotional harm and distress, financial distress, as well as harm to her personal and professional reputation and loss of prospective employment relationships.

## COUNT I
## (TITLE VII VIOLATION – Race and Retaliation)

40. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

41. Plaintiff, an African American Female Employee of Defendant, was and still is performing satisfactorily, with no history of formal or significant discipline, positive performance reviews when given and pay increases over the course of her employment. Plaintiff is also given additional duties, without promotion, as she is tasked with training new hires in her department or area as well as tasked with managerial duties over subordinates.

42. Plaintiff was held to a different standard with respect to terms and conditions of employment such as requests for remote work, promotion consideration, timely evaluation and pay increase, all while Caucaisan employees were granted remote work, awarded created positions and increased pay, thus proving the work standards of Defendant differ by race.

43. Defendant former COO has recounted racially discriminatory remarks of Defendant CEO who remains employed despite the Board's knowledge of the former COO's affidavit detailing discrimination.

44. After Plaintiff was denied remote work request and overlooked for promotion and pay raise while being given management duties for at least 2 years, Plaintiff filed a complaint of discrimination in January.

9

45. After filing the complaint of discrimination, Defendant subjected Plaintiff to hostile work environment in ways such as revising the evaluation process for Plainitff delaying a performance review and therefore any pay increase, such as making remarks in meetings about unhappy employees needing to leave, such as discussing Plaintiff's claims with other employees.

46. Defendant still continues to use Plaintiff in a Director/Manager role, with some new hires being trained by Plaintiff and some reporting to Plaintiff, all while Defendant refuses to promote Plaintiff and increase her compensation as a Director or Manager should be paid.

47. Defendant discriminated and discriminates against Plaintiff by holding Plaintiff to a standard that Defendant does not enforce for Caucasian employees.

48. After Plaintiff engaged in the protected activity of filing a discrimination complaint, Plaintiff was subjected to the adverse employment action of a retaliatory hostile work environment and refusal to increase compensation based on performance review.

49. The foregoing actions of Defendant and its representatives discriminated and retaliated against Plaintiff on the basis of race, sex and reprisal all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

50. Plaintiff has suffered injury, including immediate and irreparable injury as described in the statement of facts, as a direct and proximate result of the Defendant's violation of all said rights as alleged herein.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Award Plaintiff costs of this action, together with reasonable attorney's fees as provided by 42 U.S.C. §12205 and 42 U.S.C. §12117; under 42, U.S.C. §2000e-5(k),

B. Direct Defendant to pay Plaintiff compensatory damages; damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury;

C. Award Plaintiff such other and further relief as this Court deems just and proper.

                    WUKELA LAW FIRM

                    By:   s/ Pheobe A. Clark
                    **Pheobe A. Clark**, Federal ID No. 9888
                    Post Office Box 13057
                    Florence, SC  29504-3057
                    Phone: (843) 669-5634

August  28, 2025            Fax:  (843) 669-5150